UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CURTIS DAVIS,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | Case No. 25–cv–02627–ESK<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on a petition for a writ of habeas corpus submitted by petitioner Curtis Davis pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.) For the following reasons, I will direct the Clerk to file the Petition in petitioner's criminal case and close this matter.

## BACKGROUND & PROCEDURAL HISTORY

1. On October 16, 2023, petitioner pleaded guilty to a superseding information charging him with conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); Hobbs Act robbery, 18 U.S.C. § 1951(a); and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Davis*, No. 20–cr–00002 (D.N.J.) (Crim. Case) (ECF No. 104.)

2. Third Circuit Judge Stephanos Bibas sentenced petitioner to 135-months imprisonment on April 10, 2024. (Crim. Case ECF No. 124.)

3. On April 11, 2025, petitioner submitted the Petition requesting copies of his sentencing transcripts, docket sheet, and judgment of conviction. (ECF No. 1 p. 2.)

## DISCUSSION

4. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

5. A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S.

749 (2004). A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

6. I do not have jurisdiction pursuant to § 2241 to address petitioner's request. Petitioner is seeking documents from his criminal proceedings, not challenging the fact or duration of his sentence. Therefore, the Petition is not properly considered a habeas petition.

7. I would not be able to review the Petition even if the request could be brought pursuant to § 2241 because § 2241 petitions must be filed in the district of confinement. *Trump v. J. G. G.*, No. 24A931, 604 U.S. __, 2025 WL 1024097, at *1 (U.S. Apr. 7, 2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement). Petitioner is detained in USP Lee in the Western District of Virginia. Therefore, I would have to transfer the Petition if it were to be considered pursuant to § 2241.

8. However, I conclude that petitioner's request should be filed in his criminal case because he is requesting documents from that matter. Therefore, I will direct the Clerk to file the Petition in the criminal case and close this matter.

Accordingly,

**IT IS** on this **16th** day of **April 2025 ORDERED** that:

1. The Clerk shall file the Petition at ECF No. 1 in petitioner's criminal case: *United States v. Davis*, No. 20–cr–00002 (D.N.J.).

2. The Clerk shall send petitioner a copy of this opinion and order by regular mail and close this matter.

                                                     /s/ *Edward S. Kiel*
                                                     EDWARD S. KIEL
                                                     UNITED STATES DISTRICT JUDGE